NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARABJIT SINGH,

            Petitioner,

  v.

TODD BLANCHE, Acting Attorney General,

            Respondent.

No. 24-7668

Agency No. A215-552-227

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

      Sarabjit Singh, a citizen of India, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing an appeal of an order of an

Immigration Judge ("IJ") denying his application for asylum and withholding of

removal. We have jurisdiction under § 242 of the Immigration and Nationality

Act, 8 U.S.C. § 1252. We review the agency's factual findings for substantial

evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

Under this standard, "administrative findings of fact are conclusive unless any

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. The IJ held that Singh, a Mann Party member, established past persecution on account of political opinion when he suffered two beatings by Congress Party members in Punjab. As the BIA noted, that finding of past persecution gave rise to a "rebuttable presumption of a well-founded fear of future persecution (for purposes of asylum)" and to a similar presumption that Singh's "life or freedom would be threatened in India (for purposes of withholding of removal)." Nonetheless, the agency held that the Government had rebutted this presumption by showing, by a preponderance of the evidence, that "[1] the applicant could avoid future persecution by relocating to another part of India, and that, [2] under all the circumstances, it would be reasonable to expect him to do so." *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B); *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020). On that basis, the BIA upheld the IJ's denial of asylum and withholding of removal. Substantial evidence supports these conclusions.

First, the agency reasonably concluded that Singh could avoid future persecution by relocating within India. The IJ noted that Singh was a "relatively low-level Mann Party worker without substantial influence or notoriety," and the agency permissibly found that such "ordinary" members are generally not

2

persecuted outside of Punjab. Singh points to evidence that the Unlawful Activities Prevention Act has been used to target minorities in India, but the agency permissibly concluded that this evidence was "from several years ago," that such abuse was targeted more at Muslims than Sikhs, and that U.S. Government reports in the record reflect that Sikhs are legally able to live freely in various parts of India.[1]

Substantial evidence likewise supports the agency's conclusions that Congress Party members would not effectively be able to track Singh if he relocated to another part of India. As the agency reasonably determined, Singh has no criminal record and is not in any criminal database in India, and the country lacks a centralized registration system that would allow Congress Party members to track him elsewhere. Although Singh argued that his Aadhaar identification card and the tenant verification system would provide such tracking opportunities, the agency permissibly concluded that sufficient safeguards were in place concerning the Aadhaar identification card system and that the tenant verification system was of limited utility to be able to allow Congress Party members to use it in the way Singh fears. Singh also pointed to record evidence concerning the availability of facial recognition technology, but the BIA properly concluded that

---

[1] The IJ and BIA erroneously referred to the Library of Congress reports that the IJ cited as the "State Department's 2020 Human Rights Report," but this technical error does not vitiate the IJ's or the BIA's reasoning.

this did not require rejection of the IJ's finding that Singh would not be tracked by Congress Party members.[2]

Second, the agency permissibly concluded that it would be reasonable for Singh to relocate within India. Although the record contains evidence suggesting that Sikhs may face practical problems in moving to some other parts of India, the agency reasonably relied on evidence indicating that there are sizable Sikh communities in various parts of India. Singh asks us to reweigh the evidence, but when there are two permissible ways to read the record, we cannot say that a conclusion contrary to the agency's is "compelled." 8 U.S.C. § 1252(b)(4)(B).

Accordingly, we conclude that the agency properly rejected Singh's asylum and withholding of removal claims.

2. The agency permissibly rejected Singh's claim for humanitarian asylum. The agency may grant humanitarian asylum if the applicant establishes (1) "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or (2) "a reasonable possibility that he or she may suffer other serious harm upon removal to that country."

---

[2] The BIA's decision on this point contains another technical error: it is missing the crucial word "not" from the sentence stating that this facial recognition evidence "does [not] undermine the Immigration Judge's findings." But given the surrounding context, and the immediately ensuing sentence (which states that the BIA "*also* discern[s] *no clear error* in the Immigration Judge's findings" on a related point), we have no doubt that the relevant sentence contains a scrivener's error on this score.

8 C.F.R. § 1208.13(b)(1)(iii).  Here, the agency reasonably determined that Singh's prior treatment did not rise to the level of the sort of "extremely severe persecution . . . required to warrant humanitarian relief."  *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019).  The agency also properly concluded that, in light of its relocation ruling, Singh could avoid a reasonable possibility of other serious harm.  On these grounds, we conclude that the agency did not err in rejecting Singh's claim for humanitarian asylum.

    **PETITION DENIED.**